UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID NDAMBO MAPOKO,<br><br>Petitioner,<br><br>v.<br><br>ANDRE QUINONES, *et al.*,<br><br>Respondents. | Case No. C26-4378-MLP<br><br>ORDER |

The petition for writ of habeas corpus (dkt. # 1) is GRANTED. Federal Respondents have expressed their non-opposition to Petitioner David Ndambo Mapoko's request for habeas relief. (Dkt. # 5 at 1 ("Federal Respondents request that this Court decide whether a writ should be granted based on the Petition and related filings.").) Respondents' non-opposition represents both a concession that the petition has merit and a forfeiture of any argument that they might have raised. *Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised.")); *see also Carrillo v. Mullin*, 2026 WL 2815883, at *1

(C.D. Cal. Sep. 18, 2026). Consequently, the Court could grant the petition on this basis alone.[1] The Court also finds, however, that Petitioner has sufficiently established in his petition that he is entitled to release.

Petitioner is a citizen of the Democratic Republic of the Congo. (Dkt. # 1 at 5.) He alleges that he entered the country in 2024 with his wife and five minor children, seeking asylum. (*Id.* at 4.) He was apprehended upon entry to the United States by the Department of Homeland Security and subsequently released from custody on an order of release on recognizance ("OREC") to pursue immigration relief. (*Id.*) Since his release, Petitioner has pursued immigration relief and work authorization, presented himself to immigration authorities, worked and attended school, served as pastor to his church, and built a community of family and friends in the United States. (*Id.*) Petitioner has complied with all his reporting requirements to ICE[2] and has no criminal history in any country. (*Id.* at 4, 14.) Based on his allegations, the Court concludes that Petitioner's petition demonstrates a basis for release under the Due Process Clause. *See, e.g.*, *E.A.T.-B. v. Wamsley*, 795 F. Supp. 3d 1316 (W.D. Wash. Aug. 19, 2025); *Carrero Sanchez v. Warden, et al.*, Case No. 2:26-cv-3986, dkt. # 9 at 3 (W.D. Wash. Nov. 16, 2026).

---

[1] "In our adversarial system of adjudication, we follow the principle of party presentation," meaning that "in both civil and criminal cases, in the first instance and on appeal, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified).

[2] Petitioner was forthcoming about technical difficulties utilizing a watch that ICE had given him for these check-ins and that the watch was replaced with an ankle monitor due to these technical issues. (Dkt. # 1 at 13.) Petitioner believed that his travel restrictions had been lifted when he was fitted with the ankle monitor and, when he tried to confirm this with ICE, he received no response. (*Id.*) Petitioner officiated a wedding in Kentucky and was subsequently taken into ICE custody for ostensibly traveling without permission although he was never told why he was taken into custody. (*Id.*)

The Court thus concludes that the government's decision to re-detain Petitioner without notice or hearing violated his right to procedural due process and that Petitioner has shown by a preponderance of the evidence that his immigration detention is unlawful.

Accordingly, the Court GRANTS the unopposed petition (dkt. # 1) and ORDERS that:

(1) Respondents shall release Petitioner **no later than November 25, 2026**, on the same conditions as his OREC;

(2) Respondents shall file a status report no later than **November 30, 2026**, confirming Petitioner's release in compliance with this order;

(3) Respondents must return any property taken from Petitioner at the time of his arrest including personal identification documents (other than a passport) and employment authorization documents;

(4) If Respondents seek to re-detain Petitioner while his removal proceedings are pending, Respondents must provide due process, including written notice and a hearing before a neutral decision maker, and the government must bear the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community.

Dated this 24th day of November, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge